IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10CR10 |
| | ) | |
| RICHARD DELANO HUSKEY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EASTERN BAND OF CHEROKEE INDIANS, | ) | |
| Garnishee. | ) | |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee, filed on March 22, 2013 (Doc. 46) by the Garnishee, Eastern Band of Cherokee Indians ("Tribe"), and the Response of the United States filed on April 4, 2013 (Doc. 47).

On March 31, 2011, the Honorable Martin Reidinger, United States District Judge, sentenced Defendant to serve 63 months incarceration for his conviction for conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 18 U.S.C. §§ 841(b)(1)(B) and 846. (Doc. 35). As part of the Judgment, the Defendant was ordered to pay a $100.00 criminal assessment and a personal money judgment in the amount of $300,000.00. Subsequently, the United States sought to garnish Defendant's *per capita* gaming revenue. On February 28, 2013 (Doc. 41), the Court entered a Writ of Continuing Garnishment

1

as to the Eastern Band of Cherokee Indians. The same was served on the Garnishee and the Defendant March 4, 2013. The United States is entitled to garnish the *per capita* payments and has satisfied the prerequisites set forth in 15 U.S.C. §1673 and other applicable statutes.

The Tribe filed an answer on March 22, 2013 (Doc. 46) which set forth objections and defenses to the Government's right to garnish. On the basis of those objections, the Tribe requested this Court quash the government's garnishment.

The Tribe objected to the garnishment on the basis that "any garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions." There is no legal authority cited in support of the Tribe's request. Any and all funds collected by the government are sent directly to the United States Attorney's Office, as is required, so that the United States Attorney may distribute the funds in accordance with applicable law and as ordered in each criminal judgment. There is no provision that allows the Tribe to distribute funds collected by, or on behalf of, the government, victims, or other entities. To do so would violate the statutory structure of criminal judgments, restitution, the Mandatory Victim Rights Act, and the Crime Victims Rights Act. The government is not permitted to cede its collection and

distribution authority to the Tribe. This Court agrees that all funds collected by the government in all its criminal cases are "properly allocated," including those collected from garnished *per capita* distributions, as they are distributed in accordance with applicable statutes and in accordance with the criminal judgments entered by the Court. The methods currently in place are effective, accurate, appropriate, and most importantly, compliant with the myriad applicable laws.

IT IS THEREFORE ORDERED that the Tribe's "objections, defenses, or set-offs" and its motion to quash be overruled and denied.

IT IS FURTHER ORDERED that an Order of Garnishment is hereby **ENTERED** in the amount of $300,000.00, computed through February 20, 2013, which attaches to each *per capita* distribution of gaming revenues, and that the same be garnished in favor of the of the United States and that all such revenue be garnished in favor of the United States until Defendant's money judgment debt is paid in full. Payments shall be made payable to the United States Attorney's Office, with a reference to the United States Clerk of Court Case number and Defendant's name in the memo section of the payment, and mailed to:

United States Attorney's Office
100 Otis Street, Room 233
Asheville, NC 28801

Signed: April 4, 2013

Dennis L. Howell
United States Magistrate Judge